IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01268-WYD-MEH

GEORGE FARMER (a/k/a George L. Farmer),

      Plaintiff,

v.

BANCO POPULAR OF NORTH AMERICA, and
JOHN DOES 1-100,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before me is Banco Popular's Second Motion to Enforce Settlement [filed November 16, 2012; docket #132]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the motion has been referred to me for recommendation [docket #133]. For the reasons stated herein, I **recommend** that Banco Popular's motion be **granted**.

## I.  Background

The facts of this case are thoroughly discussed in my Recommendation of April 10, 2012 [docket #89]. I presided over numerous and lengthy settlement negotiations in this case, starting more than a year ago. On September 10, 2012, I held a hearing in this matter. At that hearing, the parties represented, and Mr. Farmer stated verbatim, that they were "all in agreement to enforce the settlement, the date of payment is all that's left." On that date, at the request of the parties, I assisted them in resolving that final issue. The parties agreed that the date of payment from Mr. Farmer to Banco Popular would be November 15, 2012. The parties' agreement, as supplemented by several additional provisions that the parties negotiated after September 10, 2012, is characterized as Exhibit

1 to Docket 132, Settlement Agreement and Release. Mr. Farmer does not dispute that an agreement was reached, but he has declined to sign the written agreement. Part of Mr. Farmer's obligations necessitated, as a practical matter (but not as a legal matter under the settlement agreement), his obtaining financing on a property on the East Coast. After the parties agreed to a final settlement and prior to their signatures on the actual document, that region suffered the Hurricane Sandy disaster. Although Plaintiff's property was not materially impacted, it has interfered with his ability to obtain financing. For that reason, Mr. Farmer has stalled in signing the agreement.

## II.    Discussion

### A.    *Jurisdiction of the Court*

"'A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it.'" *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (quoting *United States v. Hardage,* 982 F.2d 1491, 1496 (10th Cir.1993)). Here, the parties stipulate there was a settlement agreement. Mr. Farmer was to pay Banco Popular an amount certain on or before November 15, 2012. The payment obligation was not contingent upon Mr. Farmer obtaining a loan on his property.

Mr. Farmer presumably asserts that an "act of God" relieves him from his obligations. "[Certain] cases come within the rule which relieves from the obligation of a contract rendered impossible of performance by an 'act of God.'" *Allison v. People*, 132 Colo. 156, 160, 286 P.2d 1102, 1104 (Colo. 1955). Here, on the record before me, I find that performance is not impossible. Mr. Farmer's equity in the property is in the multiple hundreds of thousands of dollars. He has represented that he has had difficulty finding satisfactory financing to tap into that equity in order to pay his obligation. I find that this circumstance does not fall within Colorado law's exception for "acts of God."

2

Further, the settlement agreement does not contain any clause relieving Mr. Farmer under these circumstances.

Given the fact that Mr. Farmer might continue to object to enforcement of the settlement agreement, in which case I would be a witness in any further hearings (having presided over numerous discussions culminating in the settlement agreement and being firmly convinced that the parties reached a mutual agreement), I will enter a separate order recusing myself from this case.

## III.   Conclusion

Accordingly, for the reasons stated above, I RECOMMEND that Banco Popular's Second Motion to Enforce Settlement [underline]filed November 16, 2012; docket #132[/underline]] be **GRANTED**.[1]

Dated at Denver, Colorado, this 11th day of January, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).