IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01268-WYD-CBS

GEORGE FARMER (a/k/a George L. Farmer),

     Plaintiff,

v.

BANCO POPULAR OF NORTH AMERICA, and
JOHN DOES 1-100,

     Defendants.

---

## SUPPLEMENT TO RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

     Judge Daniel has instructed me to clarify my Recommendation of January 11, 2013.

     The agreement of the parties is the document contained at docket #132-1.  This document contains the terms the parties had negotiated as of September 10, 2012, when the parties represented to me, in open court, that they had agreed on all material terms except the date on which Plaintiff was to make payment to Defendant.  On September 10, 2012, at the parties' request and with my assistance, they agreed on the only remaining material term: the payment would be made on November 15, 2012.

     This Supplement to the original Recommendation is drafted with the knowledge of Plaintiff's Objections, found at docket #148.  In that document, *Plaintiff does not object to a single provision in docket #132-1.*  That writing contains all the material elements of settlement reached by the parties.[1]  In his Objections Plaintiff refers to several matters that, after the fact of settlement

---

[1] In Docket #132-1 the amount of Farmer's payment is redacted for confidentiality reasons.

occurred, he *wished* were in the written settlement, but as to which he never received agreement from Defendant.  These involve:

(1)     Plaintiff's desire for a provision stating that Defendant would take no affirmative steps to cause Plaintiff any tax consequences (the "1099 issue").  The written agreement, which I believe reflects those provisions on which the parties reached agreement, does not address the issuance of an IRS Form 1099.  Therefore, there is no agreement on that issue, nor need there be for the parties to have reached an enforceable settlement.

(2)     Plaintiff's desire for a liquidated damages provision, but that also did not find its way into the agreement, nor is it even a "major issue" in Plaintiff's own words.

In most settlement negotiations, one or both parties desire provisions that do not end up in the final agreement.  Plaintiff raises *no disagreement* with the written, albeit unexecuted, agreement at docket #132-1.  I believe he has thereby waived any other objection and has conceded that the contents of docket #132-1 have been agreed to by both parties.  The only other matter he raises in his Objections is Hurricane Sandy, which I addressed in my original Recommendation and which, I reiterate, is not a legal basis to void the agreement.

As I noted at docket #146, I have recused myself from this case.

Dated at Denver, Colorado, this 7th day of February, 2013.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge