IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01268-WYD-MEH

GEORGE FARMER (a/k/a George L. Farmer),

    Plaintiff,

v.

BANCO POPULAR OF NORTH AMERICA;
JOHN DOES 1-100,

    Defendants.

## ORDER

### I.    INTRODUCTION

THIS MATTER is before the Court on the following filings: (1) Defendant Banco Popular North America's ("Banco Popular") Second Motion to Enforce Settlement Agreement (ECF No. 132), filed November 16, 2012; (2) Magistrate Judge Hegarty's Recommendation ("First Recommendation") (ECF No. 145), filed January 11, 2013; (3) Magistrate Judge Hegarty's Supplement to Recommendation ("Supplemental Recommendation") (ECF No. 152), filed February 7, 2013; and Plaintiff's Fed. R. Civ. P. 72 Objections to Magistrate Judge Hegarty's First Recommendation and Supplemental Recommendation (ECF Nos. 148 and 153).

On May 14, 2013, I held an evidentiary hearing in this matter.  After carefully considering all pleadings, evidence, and arguments presented by the parties at the May 14, 2013 hearing, Plaintiff's objections are overruled and Magistrate Judge Hegarty's First Recommendation and Supplemental Recommendation are affirmed as set forth

below.

II.     BACKGROUND

    A.     Procedural Background

On or about March 1, 2011, Plaintiff filed this action in the Boulder County, Colorado District Court. On May 12, 2011, Defendant removed the matter to this Court. Plaintiff alleges fifteen claims for relief in this suit: (1) violation of the Colorado Consumer Protection Act ("CCPA"); (2) violation of the Colorado Consumer Credit Code ("CCCC"); (3) Fraud; (4) Tortious Interference; (5) Civil Theft; (6) violation of Colo. Rev. Stat. § 18-4-405; (7) Defamation; (8) federal racketeering; (9) violation of the Colorado Organized Crime and Control Act ("COCCA"); (10) violation of Real Estate Settlement Practices Act ("RESPA"); (11) wrongful dishonor; (12) Intentional Infliction of Emotional Distress; (13) Negligent Infliction of Emotional Distress; (14) violation of Fair Debt Collection Practice Act ("FDCPA"); and (15) violation of Colo. Rev. Stat. § 12-14-101, et seq.

    B.     Background Regarding Settlement

On May 1, 2012, Magistrate Judge Hegarty initiated settlement discussions with the parties. During those discussions, Plaintiff made a settlement offer to Banco Popular. On May 7, 2012, Banco Popular wrote to Plaintiff declining his settlement offer. Banco Popular gave Plaintiff a counteroffer of a $15,000 upfront payment, and offering to forgive interest, late charges, attorneys' fees, and some of the principal on the HELOC. In exchange, Plaintiff would pay off the remaining balance on the line of credit, which was $137,380.84 after the forgiven amounts.

After further settlement discussions, in early June 2012 Banco Popular increased its upfront payment offer to $30,000 and extended various deadlines set forth in its May 7, 2012 letter.  The net effect was the reduced sum of $107,370.34 to Banco Popular ($137,380.84 payment from Plaintiff - $30,000.00 payment to Plaintiff = $107,380.84 to Banco Popular).

On June 15, 2012, Magistrate Judge Hegarty held a hearing to read the terms of the settlement into the record.  During the hearing, Plaintiff raised questions, and Magistrate Judge Hegarty discussed them all.  With respect to tax issues, Magistrate Judge Hegarty advised the parties "to do whatever the tax laws require and you make no explicit representation on the tax consequences of the transaction."  (Doc. 168 at 8:8-10.)  The hearing concluded with the parties affirming a settlement was reached:

> THE COURT: So given everything you guys have said, do you believe you have a settlement?
> MR. SHIVPURI: Yes.
> THE COURT: Mr. Farmer?
> MR. FARMER: Yes, Judge.
> THE COURT: Okay.
> MR. FARMER: Yeah.
> THE COURT: Thank you all, and let's get those documents exchanged, okay?
> MR. FARMER: Okay.

(Doc. 168 at 13:16-22.)

Later that same afternoon, Banco Popular emailed Plaintiff the written settlement agreement.  The settlement agreement provided for Plaintiff to give Banco Popular an IRS Form W-9 listing his father's estate tax identification number.  The settlement agreement also stated that Banco Popular made no representations regarding the

tax consequences of the settlement. (Exh. G at ¶ 24). Plaintiff signed the IRS Form W-9 the same day and returned it to Banco Popular. Exhibit A to the settlement agreement was a satisfaction of mortgage, and exhibit B was a deed in lieu of foreclosure. (Exh. G.) Because the property securing the HELOC was in New Jersey, a New Jersey title insurance company was involved in preparing and reviewing these two documents. Unfortunately, the title company in New Jersey was not expeditious in preparing these real estate documents.

On June 22, 2012, Magistrate Judge Hegarty issued a Minute Order stating that at the last court hearing, on June 15, 2012, "the parties represented that they had reached an agreement; however, the Court has not yet seen any documents to this effect." (ECF No. 104).

On June 26, 2012, Banco Popular had received exhibit A, the satisfaction of mortgage, and emailed it to Plaintiff. Plaintiff had also requested additional changes to the settlement agreement, and Banco Popular responded to those requests in the cover email. Also on June 26, 2012, Plaintiff emailed Banco Popular with requested changes to the settlement. On June 27, 2012, Banco Popular declined all of Plaintiff's requests.

On July 2, 2012, Banco Popular emailed the settlement agreement, which was placed on the record at the June 15, 2012 hearing, to Plaintiff. (ECF No. 169-4, Exh. K). Banco Popular noted that the title company was still reviewing a few small issues, but would notify Plaintiff if there were any further changes to the exhibits attached to the settlement agreement. On July 20, 2012, Banco Popular received exhibit B to the settlement agreement from the New Jersey title company and emailed the complete

settlement agreement with all exhibits to Plaintiff.  No changes were made the language of the settlement agreement, just changes to exhibit B.  Plaintiff then made his own changes to exhibit B.

On July 27, 2012, Plaintiff and Banco Popular filed a joint motion stating the parties had placed a settlement on the record on June 15, 2012, and were waiting on more information from the New Jersey title company regarding an exhibit.

On August 7, 2012, Plaintiff contacted Banco Popular and advised that he wanted to change the settlement because it had taken too long to complete the real estate exhibits to the settlement agreement.  Banco Popular declined.  On August 8, 2012, Magistrate Judge Hegarty held another settlement conference with the parties. (ECF No. 117).  After the hearing, Plaintiff sent an email to Banco Popular stating "I am in agreement with the last version of the Settlement Agreement."  (Exh. O).

On August 13, 2012, Banco Popular filed its first motion to enforce settlement. (ECF No. 118).  On August 29, 2012, Magistrate Judge Hegarty held another settlement conference with the parties.  (ECF No. 124).  After the settlement conference, Plaintiff offered to streamline the payment process by replacing Banco Popular's $30,000 upfront payment and his subsequent $137,380.84 payment with a single payment from him for $100,000.  Banco Popular responded that a single payment was agreeable so long as it was for the original net amount of $107,380.84 and the payment was made by October 15, 2012.  The $107,380.84 payment would go towards paying the outstanding HELOC balance.

On September 10, 2012, Magistrate Judge Hegarty held another settlement

conference. (ECF No. 125). At that settlement conference, Plaintiff stated he was willing to pay the $107,380.34, but he wanted to extend the payment due date to December 15, 2012. The parties agreed to a payment date of November 15, 2012. No material terms were placed on the record.

The next day, September 11, 2012, Magistrate Judge Hegarty directed the parties to file dismissal papers because the case had settled. (ECF No. 127). On September 13, 2012, Banco Popular emailed Plaintiff the settlement agreement with the single payment provision. On September 17, 2012, Plaintiff emailed Banco Popular with changes to the settlement agreement and several pages of new handwritten additions to the settlement agreement. On October 25, 2012, Banco Popular agreed to limited changes, such as explicitly stating the New Jersey foreclosure action would be dismissed, and declined the remaining changes.

On November 9, 2012, Banco Popular emailed Plaintiff inquiring about the status of the settlement agreement which had been sent to him for signature. On November 13, 2012, two days before the settlement payment was due, Plaintiff emailed Banco Popular claiming "I have been very clear that there will be no tax ramifications with respect to settlement," and requesting the addition of a new paragraph to the settlement agreement regarding the issuance of an IRS Form 1099. (Exh. EE). Plaintiff also sought to add a new paragraph providing for liquidated damages in the event of a breach. (Exh. EE). Finally, Plaintiff stated that due to Hurricane Sandy, his cousin would not give him the $107,380.84 by the November 15, 2012 due date, and he sought a six week extension. (Exh. EE.)

On November 14, 2012, Banco Popular responded that it would only agree to extend the payment deadline if Plaintiff signed the settlement agreement. Banco Popular declined the remaining changes requested by Plaintiff. November 15, 2012 was the due date for Plaintiff to make the settlement payment to Banco Popular. No payment was made. Plaintiff refused to sign the settlement agreement. On November 16, 2012, Plaintiff emailed Banco Popular thanking the bank for agreeing to a 45-day extension. However, Banco Popular immediately contacted Plaintiff to tell him that there was no such extension. That same day, Banco Popular filed its second motion to enforce settlement. (ECF No. 132). I referred the motion to Magistrate Judge Hegarty.

On December 4, 2012, Magistrate Judge Hegarty held an evidentiary hearing on Banco Popular's second motion to enforce settlement. (ECF No. 140). On January 11, 2013, Magistrate Judge Hegarty issued his First Recommendation that Banco Popular's second motion to enforce settlement be granted. (ECF No. 145). On January 14, 2013, anticipating that he might be called as a witness as part of Plaintiff's Rule 72 objection, Magistrate Judge Hegarty recused himself from this action pursuant to 28 U.S.C. §455(a). (ECF No. 146). In compliance with my order for clarification, on February 7, 2013, Magistrate Judge Hegarty issued his Supplemental Recommendation. (ECF No. 152). Plaintiff objects to both the First Recommendation and the Supplemental Recommendation. (ECF Nos. 148 and 152).

III.     DISCUSSION

Since the Plaintiff's objections were timely filed, I conduct a *de novo* review of

Magistrate Judge Hegarty's conclusions to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

   A.  <u>Magistrate Judge Hegarty's First Recommendation</u>

Magistrate Judge Hegarty noted that he presided over numerous and lengthy settlement negotiations in this case starting more than a year ago. On September 10, 2012, Magistrate Judge Hegarty held a hearing in this matter where both parties represented, and Plaintiff stated verbatim that they were "all in agreement to enforce the settlement, the date of payment is all that's left." (ECF No. 145 at 1). With Magistrate Judge Hegarty's assistance, the parties agreed that Plaintiff shall make his payment to Banco Popular not later than November 15, 2012. (ECF No. 145 at 1).

Magistrate Judge Hegarty further stated that while Plaintiff does not dispute that an agreement was reached, Plaintiff has refused to sign the written agreement. Magistrate Hegarty noted that

> [p]art of Mr. Farmer's obligations necessitated, as a practical matter (but not as a legal matter under the settlement agreement), his obtaining financing on a property on the East Coast. After the parties agreed to a final settlement and prior to their signatures on the actual document, that region suffered the Hurricane Sandy disaster. Although Plaintiff's property was not materially impacted, it has interfered with his ability to obtain financing.

(ECF No. 145 at 2).

Magistrate Judge Hegarty concluded that the parties stipulated that there was a settlement agreement. Plaintiff was to pay Banco Popular an amount certain on or before November 15, 2012. "The payment obligation was not contingent upon Mr. Farmer [Plaintiff] obtaining a loan on his property." (ECF No. 145 at 2). As described

more fully in the First Recommendation, Magistrate Judge Hegarty further rejected Plaintiff's argument that an 'act of God' relieved him of his payment obligations. (ECF No. 145 at 2). Magistrate Judge Hegarty thus recommended that Banco Popular's Second Motion to Enforce Settlement be granted. As I previously stated, Plaintiff objected to the First Recommendation. Based on my reading of Plaintiff's objection, I remanded this matter back to Magistrate Judge Hegarty to clarify his First Recommendation.

### B.  Magistrate Judge Hegarty's Supplemental Recommendation

In his Supplemental Recommendation, Magistrate Judge Hegarty stated that Plaintiff's objections involving tax consequences and a liquidated damages provision are matters that Plaintiff "wished were in the written settlement, but as to which he never received agreement from Defendant." (ECF No. 152 at 1-2). "In most settlement negotiations, one or both parties desire provisions that do not end up in the final agreement." (ECF No. 152 at 2).

Thus, Magistrate Judge Hegarty concluded that since Plaintiff raised no disagreement with the written agreement at ECF No. 132-1, Plaintiff has "thereby waived any other objection and has conceded that the contents of docket #132-1 have been agreed to by both parties." (ECF No. 152 at 2). Finally, Magistrate Judge Hegarty again rejected Plaintiff's 'act of God' argument because it is not a legal basis to void the agreement.

### C.  Analysis

Turning to my analysis, I note that "'[a] trial court has the power to summarily

enforce a settlement agreement entered into by the litigants while the litigation is pending before it.'" *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (quoting *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)). "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." *Id.* (citing *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000)). In Colorado, "[i]n order for a settlement to be binding and enforceable, there must be a 'meeting of the minds' as to the terms and conditions of the compromise and settlement." *H.W. Houston Constr. Co. v. District Court*, 632 P.2d 563, 565 (Colo. 1981). "[T]he evidence must show that the parties agreed upon all essential terms." *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 888 (Colo. 1986).

Under Colorado law, the essential elements of a contract include "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration." *Indus. Prod. Int'l v. Emo Trans., Inc.*, 962 P.2d 983, 988 (Colo. Ct. App. 1997) (citation omitted). "An offer is a manifestation by one party of a willingness to enter into a bargain [and a]n acceptance is a manifestation of assent to the terms of the offer." *Id.* (citing Restatement (Second) of Contracts §§ 24, 32 (1979)). "'It is established that a signature is not always necessary to create a binding agreement.'" *City and County of Denver v. Adolph Coors Co.*, 813 F. Supp. 1476, 1480 (D. Colo. 1993) (quoting *Presidential Motor Yacht Corp. v. President Marine, Ltd.*, 753 F. Supp. 7, 13 (D.D.C.1990)).

Plaintiff objects to Magistrate Judge Hegarty's First Recommendation and

-10-

Supplemental Recommendation arguing that the agreement found at ECF No. 132-1 was drafted after the September 10, 2012 hearing where the settlement was placed on the record. (ECF No. 153 at 2). Thus, Plaintiff asserts that the agreement found at ECF No. 132-1 is just a "draft of what Defendant would like to see in a written agreement," but contains additional terms not placed on the record on September 10, 2012 and omits terms that were negotiated and understood to be included in the final agreement. (ECF No. 153 at 2).

With respect to the tax issue, Plaintiff argues that the "non-tax consequence of any settlement was a condition precedent to Plaintiff entering into a settlement in the first place. During settlement discussion with Magistrate Judge Hegarty, I specifically recall discussing with his Honor the importance of there not being any tax consequences of any settlement." (ECF No. 153 at 4).

Here, after carefully reviewing the entire record in this case and hearing from the parties at the May 14, 2013 hearing, I reject Plaintiff's objections and affirm Magistrate Judge Hegarty's conclusion that a settlement agreement was reached. However, I affirm on a separate basis. I find that the evidence shows that the parties mutually agreed to the terms placed on the record at the June 15, 2012 hearing before Magistrate Judge Hegarty, which were then memorialized in a writing found at exhibit K. Banco Popular emailed exhibit K to Plaintiff on July 2, 2013. On August 8, 2012, Plaintiff emailed Banco Popular stating that "I am in agreement with last version of the Settlement Agreement." (Exh. O). Upon my questioning of the parties at the May 14, 2013 hearing, counsel for Banco Popular represented that the "last version of the

Settlement Agreement" is the document found at exhibit K. Moreover, in Plaintiff's response to Banco's first motion to enforce settlement, Plaintiff states that "I concur that a settlement was reached and the terms of which were placed on the record on June 15, 2012." (Exh. Q).

I find no error with Magistrate Judge Hegarty's conclusion that the parties came to a full and complete meeting of the minds over the essential terms of agreement to resolve the litigation between them. However, based on my review of the record coupled with the evidence and arguments presented at the May 14, 2013 hearing, I find that the parties expressly stated an intention to be bound by the terms of the settlement agreement placed on the record at the June 15, 2012 hearing and memorialized in a written document, exhibit K. Thus, this agreement will be enforced.

IV.  CONCLUSION

For the reasons stated on the record at the May 14, 2013 hearing and set forth above, it is

ORDERED that Magistrate Judge Hegarty's First Recommendation (ECF No. 145) and Supplemental Recommendation (ECF No. 152) are **AFFIRMED** as set forth in this Order. In accordance therewith, it is

ORDERED that Defendant Banco Popular North America's Second Motion to Enforce Settlement Agreement (ECF No. 132) is **GRANTED** as set forth in this Order. It is

FURTHER ORDERED that Plaintiff's Fed. R. Civ. P. 72 Objections (ECF Nos. 148 and 153) are **OVERRULED**. It is

FURTHER ORDERED that in accordance with the settlement agreement, **Banco Popular shall pay Plaintiff $30,000 within 30 days of the date of this Order.** It is

FURTHER ORDERED that in accordance with the settlement agreement, **Plaintiff shall pay Banco Popular $137,380.84 within 60 days of the date of this Order**. It is

FURTHER ORDERED that in accordance with the settlement agreement, the **parties shall file dismissal documents with this Court within 75 days of the date of this Order. It is**

**FURTHER ORDERED that should either party fail to comply with the terms of this Order, I will impose the most severe sanctions and penalties available under the law.**

Dated:  May 15, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge